J. RANDALL JONES, ESQ., SBN 1927
r.jones@kempjones.com
SPENCER H. GUNNERSON, ESQ., SBN 8810
s.gunnerson@kempjones.com
CHAD R. ARONSON, ESQ., SBN 14471
c.aronson@kempjones.com
KEMP JONES LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: (702) 385-6000

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| K&K PROMOTIONS INC., | Case No.: 2:21-cv-01055-JCM-DJA |
| Plaintiffs, | **[PROPOSED] STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES** |
| v. | **[FIRST REQUEST]** |
| MINUS5 CGS, LLC; ICE BAR LAS VEGAS LLC d/b/a ICEBAR AT THE LINQ PROMENADE, | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Plaintiff, K&K Promotions, Inc., by and through its counsel of record, the law office of Kemp Jones, LLP, and Defendants, Minus5 GCS, LLC and Icebar Las Vegas LLC, by and through their counsel of record, Hawkins Melendrez, P.C. (collectively "the Parties"), hereby submit the following stipulation to extend discovery deadlines which is supported by good cause.

• The Parties hereby agree to extend all discovery deadlines by 90 days, as more specifically addressed in Section d below. The Parties jointly request that this Court enter the attached Order implementing the modified schedule.

• The Parties' present stipulation arises from ongoing, good-faith negotiations to

resolve this matter without further involvement from the Court.  The Parties have already exchanged opening offers and counteroffers and hereby represent the additional time requested herein will enable the Parties to complete said negotiations and upon which will enter a joint stipulation of dismissal of this action.

- Consistent with LR 26-3, the Parties represent the following:

a.      **Discovery Completed.** The Parties have exchanged initial disclosures pursuant to Rule 26(a)(1).  Plaintiffs have served Requests for Production upon both Defendants, for which Defendants have produced documents.  Both Defendants have served a set of Requests for Admission, Requests for Production, and Interrogatories.

b.      **Discovery that Remains to be Completed.** Plaintiffs have yet to respond to Defendants' Requests for Production, Interrogatories, or Requests for Admission.  Both Parties anticipate a potential need for further written discovery. The Parties have yet to disclose experts.

c.      **Reasons why the Remaining Discovery was Not Completed.** Since the time of Defendants' response to Plaintiffs' Requests for Production, the Parties have been engaging in good-faith efforts to resolve this matter in its entirety and without further Court involvement. Defendants have represented from the outset that the process for consideration of settlement offers and counteroffers is subject to delays given the necessity of obtaining the Client and insurance carrier's authorizations with respect to the same.

As such, the parties' present exchange of settlement offers and counteroffers has been subject to this authorization process.  Given the good-faith progress the parties have made in the context of said negotiations, the parties are confident that the extension requested herein will provide ample time to bring the aforementioned negotiations to final resolution.

d.      **Proposed Schedule for Completing All Remaining Discovery.** Given the foregoing, the Parties request the following schedule pertaining to the discovery deadlines that remain:

i.   Discovery Cut-off Date. the parties propose a discovery cut-off date of August 8, 2022.

ii.   Expert Discovery. The parties propose the deadline for disclosing expert

witnesses pursuant to FED. R. CIV. P. (26)(a)(2) shall be June 8, 2022, which is 60 days before the discovery cut-off.  The parties propose the deadline for disclosing rebuttal expert witnesses shall be July 8, 2022, which is 30 days after the date to disclose initial experts.   The parties propose that expert discovery close on the discovery cut-off date of August 8, 2022.

iii.   <u>Dispositive Motions.</u>  The parties propose that dispositive motions shall be filed on or before September 7, 2022, which is 30 days after the close of all discovery.

iv.   <u>Joint Pretrial Order</u>.  The parties propose the Joint Pretrial Order shall be filed on or before October 7, 2022, which is 30 days after the deadline for filing dispositive motions.  However, if dispositive motions have been filed, the Joint Pretrial Order shall be due thirty days after a decision or by further order of the Court.  Disclosures under Rule 26(a)(3) of the Federal Rules of Civil Procedure and any objections thereto shall be included in the Joint Pretrial Order.

- This is the first extension of time requested.  This stipulation is made in good faith and not in an attempt to delay proceedings.

Respectfully submitted,

DATED this <u>4</u><sup>th</sup> day of March, 2022.

DATED this <u>4</u><sup>th</sup> day of March 2022.

*/s/ CHAD R. ARONSON*
J. RANDALL JONES, ESQ., SBN 1927
SPENCER H. GUNNERSON, ESQ. SBN 8810
CHAD R. ARONSON, ESQ., SBN 14471
KEMP JONES LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
*Attorneys for Plaintiff*

*/s/ MARTIN I. MELENDREZ*
MARTIN I. MELENDREZ, ESQ., SBN 7818
BRITANNICA D. COLLINS, ESQ., SBN 13324
HAWKINS MELENDREZ, P.C.
9555 Hillwood Drive, Suite 150
Las Vegas, Nevada 89134
*Attorneys for Defendants*

IT IS SO ORDERED.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: March 7, 2022